UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:14-CV-441-TAV-HBG |
| DOLGENCORP, LLC d/b/a DOLLAR GENERAL CORPORATION, | ) ) ) | |
| Defendants. | ) ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02. Now before the Court is the Motion to Intervene of Linda K. Atkins [Doc. 6]. For the reasons stated herein, this motion will be **GRANTED**.

**I.      BACKGROUND**

In the summer of 2012, Ms. Atkins filed a charge of employment discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"), against her former employer, Dolgen Corp., LLC, d/b/a Dollar General Corporation. After investigating Ms. Atkins's charge, the EEOC found reasonable cause to believe that Defendant had violated Ms. Atkins's rights under the Americans with Disabilities Act ("ADA").

On September 23, 2014, the EEOC filed suit against Defendant for violations of the ADA related to Defendant's unlawful actions against Ms. Atkins. On November 24, 2014, Ms. Atkins filed the instant motion, moving the Court to permit her to intervene in this action.

## II. POSITIONS OF THE PARTIES

Ms. Atkins moves the Court, pursuant to Federal Rule of Civil Procedure 24, for an Order granting her leave to intervene as a party plaintiff in this action. Ms. Atkins seeks to intervene as a matter of right granted by 42 U.S.C. §§ 2000e-5(f)(1) and 12117, and because she has a significant protectable interest in the subject of the action to enforce her rights under the ADA. Alternatively, Ms. Atkins requests permission to intervene pursuant to Federal Rule of Civil Procedure 24(b) because her claims against Defendant have questions of law and fact in common with the main action. Ms. Atkins has filed a proposed Complaint in Intervention [Doc. 6-1], as is required by Fed. R. Civ. P. 24(c).

The EEOC has responded to Ms. Atkins's motion by stating that it does not contest Ms. Atkins's request to intervene. [Doc. 8]. The EEOC agrees that Ms. Atkins has a right to intervene in this action pursuant to 42 U.S.C. § 2000e-5(f)(1). Given this right to intervene, the EEOC contends that Ms. Atkins should be permitted to intervene pursuant to Fed. R. Civ. P. 24(b) and supports her request to do so.

The Defendant has responded in opposition to Ms. Atkins's motion. Generally, Defendant argues that Ms. Atkins's retaliation claim exceeds the scope of this litigation. Defendant maintains that Ms. Atkins's retaliation claim has not been administratively exhausted and that the facts alleged in Atkins's EEOC charge would not have reasonably resulted in investigation of the retaliation claim. Defendant contends that Atkins does not satisfy the tests for intervention as of right. In its response, the Defendant does not address intervention based upon a federal statute pursuant to Fed. R. Civ. P. 24(a)(1). Instead, the Defendant focuses upon Fed. R. Civ. P. 24(a)(2), and argues that Plaintiff has not shown how her rights could be substantially impaired through this litigation and has not shown why the EEOC would not

adequately represent her interests. [See Doc. 9 at 6 (citing Grutter v. Bollinger, 188 F.3d 394, 397-98 (6th Cir. 1999) (applying Fed. R. Civ. P. 24(a)(2) not Fed. R. Civ. P. 24(a)(1) to a request to intevene)]. Alternatively, the Defendant argues that Ms. Atkins has failed to demonstrate that permissive intervention, pursuant to Fed. R. Civ. P. 24(b), is appropriate.

### III. ANALYSIS

Rule 24 of the Federal Rules of Civil Procedure states:

> On timely motion, the court must permit anyone to intervene who:
>
> > (1) is given an unconditional right to intervene by a federal statute; or
> >
> > (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a).

The enforcement provisions for the federal civil rights statutes, including the ADA, are contained in 42 U.S.C. § 2000e-5. In pertinent part, § 2000e-5 provides: "The person or persons aggrieved shall have the right to intervene in a civil action brought by the Commission or the Attorney General in a case involving a government, governmental agency, or political subdivision." 42 U.S.C. § 2000e-5(f)(1).

The Supreme Court of the United States has unequivocally established that, where the EEOC files a civil suit alleging violation of Title VII, "[t]he aggrieved person may also intervene in the EEOC's enforcement action." Gen. Tel. Co. of the Nw. v. Equal Employment Opportunity Comm'n, 446 U.S. 318, 326 (1980). Consistent with this jurisprudence and the applicable statute, courts permit aggrieved persons to intervene in enforcement actions such as

the one before the Court.  See, e.g., EEOC v. Family Service Ass'n, Inc., 2008 WL 5025029 (S.D. Ohio Nov. 24, 2008).

In this case, the Court first finds that Ms. Atkins's Motion to Intervene was timely filed. It was filed approximately sixty days after the Complaint in this case and just four days after the Defendant filed its Answer.  Moreover, the motion was filed prior to a Rule 26(f) report being presented to the Court, and thus, presumably it was filed prior to any discovery taking place. Finally, the motion was filed prior to the presiding District Judge entering a Scheduling Order in this case.  For all these reasons, the Court finds that the Motion to Intervene was timely filed.

Further, the Court finds that Ms. Atkins must be permitted to intervene, as of right pursuant to Fed. R. Civ. P. 24(a)(1), as a person "given an unconditional right to intervene by a federal statute."  Ms. Atkins is clearly afforded an unconditional right pursuant to 42 U.S.C. § 2000e-5(f)(1), and while the Court has considered Defendant's arguments against intervention, the Court finds that none of the Defendant's arguments refute her right to intervene.  Instead, these arguments are more appropriately posited in support of a motion to dismiss, and once the Plaintiff is permitted to intervene, the Defendant will have the opportunity to present these positions through such a motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

## IV.   CONCLUSION

For the reasons stated above, the Court finds that the Motion to Intervene of Linda K. Atkins **[Doc. 6]** is well-taken, and it is **GRANTED**.  Ms. Atkins shall file her proposed Complaint in Intervention [Doc. 6-1] as her operative pleading in the record on or before **December 23, 2014**.

**IT IS SO ORDERED.**

ENTER:

_Bruce Guyton_
United States Magistrate Judge