UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 3:14-cv-00441 |
| | ) | |
| and | ) | Judge Varlan |
| | ) | Magistrate Judge Guyton |
| | ) | |
| LINDA K. ATKINS, | ) | JURY DEMAND |
| | ) | |
| Intervening Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DOLGENCORP, LLC d/b/a DOLLAR GENERAL CORP., | ) | |
| | ) | |
| Defendant. | ) | |

_____

**PLAINTIFFS'
PROPOSED JURY INSTRUCTIONS**

_____

   The Plaintiff, Equal Employment Opportunity Commission ("the Commission"),

and Plaintiff-Intervenor Linda Atkins requests that the Court give the following proposed

jury instructions at the trial in this matter.  The Commission reserves its right to add or

modify these proposed instructions pursuant to Court rulings or evidence presented at

trial.

Respectfully submitted this 8th day of July, 2016.

**David Lopez**
General Counsel

**Gwendolyn Reams**
Associate General Counsel

**Faye A. Williams**
**Regional Attorney**
(TN BPR No. 011730)

**Gerald L. Thornton**
**Supervisory Trial Attorney**
(TN BPR No. 15898)
gerald.thornton@eeoc.gov

**Markeisha K. Savage, Trial Attorney**
(TN BPR No. 024693)
markeisha.savage@eeoc.gov
EQUAL EMPLOYMENT
OPPORTUNITY
COMMISSION
1407 Union Avenue, Suite 900
Memphis, TN 38104
(901) 544-0075


/s/ Mark Chen
**Mark Chen, Trial Attorney**
(TN Bar No. 14268)
mark.chen@eeoc.gov
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Nashville Area Office
220 Athens Way, Suite 350
Nashville, TN 37228-9940
(615) 736-5784
*Attorneys for Plaintiff EEOC*

*s/ Jennifer B. Morton*
**Jennifer B. Morton** (BPR # 015585)
**Maha M. Ayesh** (BPR # 025244)
JENNIFER MORTON LAW, PLLC
8217 Pickens Gap Road
Knoxville, TN37920
865-579-0708
865-579-0787 (fax)

*Attorneys for Intervening Plaintiff*
*Linda Atkins*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 11, 2016, a copy of the foregoing Proposed Jury Instructions was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access the filing through the Court's electronic filing system.

Stanley E. Graham
John E.B. Gerth
Waller Lansden Dortch & Davis, LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219
stan.graham@wallerlaw.com
jeb.gerth@wallerlaw.com

*Attorneys for Defendant Dolgencorp, LLC*

/s/Mark Chen
Mark Chen

Instruction No.1

**<u>All Parties Equal Before the Law</u>**

You may not discriminate between corporations, government agencies or natural persons.  All are persons in the eyes of the law, and are entitled to the same fair and impartial consideration and to justice by the same legal standards.

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations of life.  A corporation is entitled to the same fair trial at your hands as a private individual.  All persons, including corporations and government agencies, stand equal before the law and are to be dealt with as equals in a court of justice.

Authority:     Devitt & Blackmar §71.04 (as adapted)

Instruction No. 2

**Corporations Act Through People**

A corporation, such as Dollar General, can only act through real people operating as its agents or employees.  The law holds, therefore, that Dollar General is responsible for any unlawful acts of its directors, officers, employees, or any other agents, made while acting within the scope of the authority given by Dollar General, or within the scope of their duties as a director, officer, employee, or agent.

Authority:    O'Malley, Grenig & Lee, Federal Jury Practice and Instructions § 90.11 (5th ed.).

Instruction No. 3

**<u>Role of the Court</u>**

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state.

Regardless of any opinion that you may have as to what the law may be—or ought to be—it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

Authority: Sand, Siffert, Reiss & Batterman, 4-71 Modern Federal Jury Instructions—Civil, Instruction 71-2—Role of the Court.

Instruction No. 4

**Role of the Jury**

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence.

What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence. Nor is what I may have said—or what I may say in these instructions—about a fact issue evidence. In this connection, you should bear in mind that a question put to a witness is never evidence; it is only the answer which is evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answer.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the Plaintiffs have proven their case.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or

7

to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses.

You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice to any party.

Authority: Sand, Siffert, Reiss & Batterman, 4-71 Modern Federal Jury Instructions—Civil, Instruction 71-3—Role of the Jury.

Instruction No. 5

**Burden of Proof**

Plaintiffs have the burden in a civil action, such as this, to prove every essential element of their claims by a preponderance of the evidence. If Plaintiffs should fail to establish any essential element of their claims by a preponderance of the evidence, you should find for Defendant as to that claim.

"Establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence that, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case. In a civil trial like this one, the party with the burden of proof does not have to prove her case "beyond a reasonable doubt."

In determining whether any fact in issue has been proved by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You must consider all the evidence on each issue. It may be helpful to envision a set of balancing scales. After considering all the proof on a particular element of Plaintiffs' case, the scales must be tipped in their favor on that issue, be it ever so slightly, for them to prevail on that issue. If the evidence on a particular issue is equally balanced, that issue has not been proven by a preponderance of the evidence, and the

9

party having the burden of proving that issue has failed. But a bare preponderance is sufficient. The scales do not have to go all the way down. It is sufficient if they are tipped ever so slightly in favor of the party having the burden of proof.

Authority: *Southmayd v. Apria Healthcare, Inc.*, No. 3:04-cv-215 (E.D. Tenn.) (J. Phillips Charge); *Hunter v. Metropolitan Gov't of Nashville and Davidson County Tennessee*, No. 3:12-cv-916 (M.D. Tenn.) (J. Aspen Charge); O'Malley, Grenig & Lee, Federal Jury Practice and Instructions—Civil, Vol. 3 § 104.01 (5th ed. 2000) (modified).

Instruction No. 6

**<u>Conduct of Counsel</u>**

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me, the court. You should not show any prejudice against an attorney or his or her client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

Authority: Sand, Siffert, Reiss & Batterman, 4-71 Modern Federal Jury Instructions—Civil, Instruction 71-6—Conduct of Counsel.

Instruction No. 7

**<u>Stipulated Facts</u>**

Plaintiffs and Dollar General have stipulated to—that is, they have agreed to—certain facts in this case.  You should, therefore, treat those facts as having been proved, and you must accept them as true without question or debate.


Authority:  Joint Pretrial Order.

Instruction No. 8

**Inference Defined**

During the trial you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been show to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The Plaintiff asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw—but not required to draw—from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.


Authority: Sand, Siffert, Reiss & Batterman, 4-75 Modern Federal Jury Instructions—Civil, Instruction 75-1—Inference Defined.

Instruction No. 9

**Role of EEOC in Enforcement of the Americans With Disabilities Act**

This is an action filed by the U.S. Equal Employment Opportunity Commission, "the EEOC," under the Americans with Disabilities Act of 1990, often referred to as a the ADA. The EEOC is an agency of the United States government that has the duty of enforcing federal laws prohibiting employment discrimination, including the ADA.

When a person feels that he or she has been discriminated against by their employer, that person may file a complaint, referred to as a "charge of discrimination," with the EEOC. A person who files such a charge is called a Charging Party. When the EEOC learns of alleged violations of the ADA, it has the responsibility to investigate these claims.

The EEOC may enforce the ADA by filing a lawsuit against the employer on behalf of the Charging Party. This is the procedure the EEOC has followed with regard to Linda Atkins' charge and this is why the EEOC is a Plaintiff in this case.

In a lawsuit against an employer, the EEOC seeks to enforce federal law on behalf of the public policy of the United States, otherwise known as the public interest. The EEOC may seek remedies for the Charging Party. This individual is referred to as the "claimant." The EEOC brings this lawsuit on behalf of Linda Atkins.

Authority: 42 U.S.C. § 12117(a)

Instruction No. 10

**The Statute and Purpose of the Statute**

The Plaintiff has brought this lawsuit under a federal law called the Americans with Disabilities Act, which is often referred to by its initials, "ADA." The Americans with Disabilities Act (ADA), extends civil rights protection to people with disabilities and prohibits discrimination on the basis of disability in employment. It protects both disabled and nondisabled persons from an employer's unlawful discrimination.

Authority: 42 U.S.C. § 12112(a).

Instruction No. 11

**NATURE OF THE CLAIMS**

The EEOC brought this lawsuit in 2014 to correct alleged unlawful employment practices on the basis of disability after Linda Atkins filed a disability discrimination charge against Dollar General. Ms. Atkins has intervened in this case with her own attorney. The EEOC alleges Dollar General failed to accommodate Linda Atkins and discharged her because of her disability. Ms. Atkins alleges Dollar General retaliated against her for requesting a reasonable accommodation. Dollar General denies these claims. It will be your responsibility to decide whether the EEOC and Ms. Atkins have proven their claims against the Defendant by a preponderance of the evidence.

Authority: Joint Pretrial Order

Instruction No. 12

## <u>DISABILITY DISCRIMINATION UNDER THE ADA</u>

The EEOC brought this lawsuit under the Americans with Disabilities Act (ADA).

The ADA provides that to succeed in this case, Plaintiff must prove by a preponderance of the evidence that:

1. Linda Atkins had a disability.

2. Linda Atkins was "qualified" to perform the essential functions of her job either with or without reasonable accommodation;

3. Dollar General took one or more of the following actions against Linda Atkins: it did not reasonably accommodate her or it discharged her for conduct related to her disability.

4. As a direct result of Dollar General's actions, Ms. Atkins suffered damages.

Authority: Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 *et seq.*; 42 U.S.C. §12112(a) and (b); *Lewis v. Humboldt Acquisition Corp., Inc.*, 681 F.3d 312, 321 (6th Cir. 2012); 3C Kevin F. O'Malley *et al., Federal Jury Practice and Instructions* § 172:20 (5th ed. 2012) (modified).

Instruction No.13

## A "DISABILITY" UNDER THE ADA

Under the ADA, the term "disability" means a physical or mental impairment that "substantially limits" one or more major life activities. I will now define some of these terms in more detail.

First, diabetes qualifies as an impairment under the ADA.

Second, the ADA defines "major life activities" as including, but not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, concentrating, thinking, communicating, and working. A "major life activity" may include the operation of a major bodily function such as the endocrine function. The operation of a "major bodily function" includes the operation of an individual organ, such as the pancreas, within a body system.

Under the ADA, the term "disability" is meant to be understood in favor of broad coverage. The EEOC has determined that, under the ADA, "substantially limits" is "not meant to be a demanding standard." "An impairment need not prevent, or significantly restrict, the individual from performing a major life activity in order to be considered substantially limiting."

Authority: 42 U.S.C. § 12102(1)(A), (2)(A) & (4)(A), *Tate v. Sam's East, Inc.,* No. 3:11-CV-87, 2013 WL 1320634 at *9 (E.D. Tenn. March 29, 2013); 29 C.F.R. § 1630.2(j)(1)(i)-(iii); "Questions & Answers about Diabetes in the Workplace and the Americans with Disabilities Act (ADA)," *available at http://www.eeoc.gov/laws/types/diabetes.cfm#fn10.*

Instruction No. 14

**<u>QUALIFIED INDIVIDUAL UNDER THE ADA</u>**

To be a qualified individual under the ADA, Ms. Atkins must meet the following criteria:

1. Possess the requisite skill, education, experience, and other job-related requirements for her position; and

2. Be able to perform the essential functions of her job, either with a reasonable accommodation, or without a reasonable accommodation.

Authority: 42 U.S.C. § 12111(8); 29 C.F.R. § 1630.2(m)

Instruction No.15

**REASONABLE ACCOMMODATION**

The ADA requires employers to make reasonable accommodations to allow disabled individuals to perform the essential functions of their positions. The term "reasonable accommodation" means making modifications to the work place allowing a person with a disability to perform the essential functions of the job or allows a person with a disability to enjoy the same benefits and privileges as an employee without a disability. Reasonable accommodations must be made for otherwise qualified individuals who are actually disabled.

In this case, Ms. Atkins requested that Dollar General allow her to keep orange juice near the cash register for emergency situations.

Plaintiffs allege Dollar General unlawfully discriminated against Ms. Atkins by failing to reasonably accommodate her disability. Your verdict must be for Plaintiffs and against Dollar General if all of the following elements have been proved:

*First*, Ms. Atkins is disabled; and

*Second*, Ms. Atkins could have performed the essential functions of a lead sales associate if Dollar General had provided her with the reasonable accommodation of drinking orange juice in an emergency; and

*Third*, Dollar General knew of or had reason to know about Ms. Atkins' diabetes; and

*Fourth*, Ms. Atkins asked for an accommodation, such as drinking orange juice in an emergency; and

*Fifth*, Dollar General failed to provide the necessary accommodation, that is, allowing Ms. Atkins to drink orange juice in an emergency.

If any of the above elements have not been proven, then your verdict must be for Dollar General.

Authority: Federal Jury Practice And Instructions, FED-JI § 172:39, 3C Fed. Jury Prac. & Instr. § 172:39 (6th ed. August 2015); *Tate v. Sam's East, Inc.,* No. 3:11-CV-87, 2013 WL 1320634 at *13 (E.D. Tenn. March 29, 2013).

Instruction No. 16

**REQUEST FOR REASONABLE ACCOMMODATION**

Ms. Atkins had the duty to request a reasonable accommodation from Dollar General.[1]  The ADA did not require Ms. Atkins to use "magic words" such as "accommodation" or even "disability" in order to request an accommodation.[2]  Her request did not have to be in writing.[3]  In certain situations, a request for an accommodation can be inferred from the context.[4]  What is important is whether Ms. Atkins gave Dollar General enough information that, under the circumstances, Dollar General knew about her diabetes and her desire for an accommodation.[5]

Authority:  29 C.F.R. § 1630.9(a)

---

[1] *Gantt v. Wilson Sporting Goods Co.*, 143 F.3d 1042, 1046 (6th Cir. 1998)
[2] *Burress v. City of Franklin*, 809 F. Supp. 2d 795, 813 (M.D. Tenn. 2011) (*citing, Leeds v. Potter*, 249 F. App'x 442, 449 (6th Cir. 2007))
[3] *Taylor v. Phoenixville School District*, 184 F.3d 296, 313 (3rd Cir. 1999)
[4] *Aldini v. Kroger Co. of Michigan*, 628 F. App'x 347, 350-51 (6th Cir. 2015)
[5] *Eagle v. Hurley Medical Center*, 292 F.R.D. 466, 476 (E.D. Mich. 2013)

Instruction No.17

## **REASONABLENESS OF ACCOMMODATION**

Plaintiffs must show that Ms. Atkins' request for a reasonable accommodation—to keep orange juice at the register for her diabetes—was objectively reasonable. In other words, her accommodation would have been effective and would not have cost too much. The fact that Ms. Atkins' accommodation would have violated Dollar General's policy—not consuming product before paying for it—did not automatically make her accommodation unreasonable, even if it allowed her to violate a rule that Dollar General's other employees had to obey.

Authority: *US Airways, Inc. v. Barnett*, 535 U.S. 391, 398 (2002); *Tubbs v. Formica Corp.*, 107 F. App'x 485, 488 (6th Cir. 2004); *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1183 (6th Cir. 1996).

23

24

Instruction No. 18

**UNDUE HARDSHIP**

If Plaintiffs prove that Ms. Atkins is a qualified individual with a disability and that she requested an accommodation or the need for an accommodation was obvious, Dollar General must show that an accommodation would have been an undue hardship for Dollar General. Dollar General must offer specific facts to prove that an accommodation would have been an undue hardship. An employer is not required to provide an accommodation requested by an employee with a disability if providing the accommodation would cause an undue hardship to the employer.

The term "undue hardship" means significant difficulty or expense in, or resulting from, the provision of the accommodation. The undue hardship provision takes into account the financial realities of the particular employer. Undue hardship refers to any accommodation that would be unduly costly, extensive, substantial or disruptive, or that would fundamentally alter the nature of the operation of the business.

Authority: 29 C.F.R. § 1630.2(p). *See also Johnson v. Cleveland City School District*, 443 F. App'x 974, 983 (6th Cir. 2011); *see Talley v. Family Dollar Stores of Ohio, Inc.,* 542 F.3d 1099, 1108-09 (6th Cir. 2008).

Instruction No. 19

## <u>THE INTERACTIVE PROCESS</u>

Dollar General had the duty to engage in what is called the "interactive process" with Ms. Atkins. The goal of the interactive process would have been to find out what Ms. Atkins could or could not do and potential reasonable accommodations so that Ms. Atkins could still do her job. The interactive process requires communication and good faith in exploring possible accommodations. Both Ms. Atkins and Dollar General had a duty to participate in this interactive process in good faith. If you decide that Ms. Atkins or Dollar General failed to participate in good faith, you should find out the cause of this breakdown and decide who is responsible. If Dollar General's refusal to engage in the interactive process meant that it failed to reasonably accommodate Ms. Atkins, Dollar General may be liable under the ADA.

To recover, Plaintiffs must show that keeping orange juice at the register for her diabetes to prevent a hypoglycemic attack was a reasonable accommodation and that she would have been reasonably accommodated, but for Dollar General's refusal to participate in good faith. Dollar General does not have to offer a different accommodation in order to show that it acted in good faith, but an offer of a different accommodation might have shown its good faith.

Authority: *Keith v. County of Oakland,* 703 F.3d 918, 929 (6th Cir. 2013); *Kleiber v. Honda of America Mfg., Inc.,* 485 F.3d 862, 871 (6th Cir. 2007); *Mobley v. Miami Valley Hospital*, 603 F. App'x 405, 414 (6th Cir. 2015), *Brown v. Chase Brass & Copper Co.*, 14 F. App'x 482, 487 n.2 (6th Cir. 2001); 29 C.F.R. § 1630.2(o)(3) & § 1630 App., § 1630.9.

Instruction No. 20

## DISCHARGE BASED ON CONDUCT CAUSED BY DISABILITY OR FOR CONDUCT THAT OCCURRED AS A RESULT OF DOLLAR GENERAL'S FAILURE TO PROVIDE A REASONABLE ACCOMMODATION

Plaintiffs also allege Dollar General unlawfully discriminated against Ms. Atkins

by discharging her employment because of conduct that occurred as a result of Dollar

General's failure to provide Ms. Atkins with a reasonable accommodation or that Dollar

General discharged Ms. Atkins because of conduct caused by her disability. Your

verdict must be for the Plaintiffs and against Dollar General if all of the following

elements have been proved:

First, Ms. Atkins was disabled; and

Second, Ms. Atkins could have performed the essential functions of a lead sales associate, with or without a reasonable accommodation, at the time Dollar General terminated her employment; and

Third, Dollar General terminated Ms. Atkins' employment because of conduct caused by Defendant's failure to provide a reasonable accommodation or conduct caused by her disability, diabetes; and

Fourth, as a direct result of Dollar General's action, Ms. Atkins suffered damages.

Authority: 3C Kevin F. O'Malley et al., Federal Jury Practice and Instructions § 172.20 (5th ed. 2012) (modified), as outlined in Lewis v. Humboldt Acquisition Corp., Inc., 681 F.3d 312, 321 (6th Cir. 2012); McDole v. City of Saginaw, 471 F. App'x 464, 475 (6th Cir. 2012); Weimer v. Honda of Am. Mfg., 356 F. App'x 812, 817 (6th Cir. 2009).

Instruction No.21

## CAUSATION

Plaintiffs do not have to prove that Ms. Atkins' disability was the sole reason that Dollar General terminated her. But Plaintiffs must prove that Dollar General terminated Ms. Atkins for conduct that occurred as a direct result of Dollar General's failure to provide a reasonable accommodation to Ms. Atkins. In other words, Dollar General would not have terminated Ms. Atkins "but for" her conduct caused by her disability.

Authority: *Lewis v. Humboldt Acquisition Corp., Inc.*, 681 F.3d 312, 315, 321 (6th Cir. 2012); *Tate v. Sam's East, Inc.,* No. 3:11-CV-87, 2013 WL 1320634 at *9 (E.D. Tenn. March 29, 2013)

Instruction No. 22

**PRETEXT**

Dollar General has argued that it terminated Ms. Atkins for a legitimate, nondiscriminatory reason. Plaintiffs must prove by a preponderance of the evidence that Dollar General's stated reason for its decision is not the real reason, but is a pretext to hide disability discrimination. "Pretext" means that Dollar General's stated reason for terminating Ms. Atkins' employment is not actually the real reason that Dollar General made that decision.

Plaintiffs may show pretext by offering evidence that challenges the reasonableness of Dollar General's decision to the extent that it gives light on whether Dollar General's stated reason is its actual reason. In other words, Plaintiffs may show pretext by showing that Dollar General's decision was so unreasonable as to cast doubt on its actual motive.

Authority: *White v. Baxter Healthcare Corp.,* 533 F.3d 381, 393 (6th Cir. 2008); *Bartlett v. Gates*, 421 F. App'x 485, 490 (6th Cir. 2010).

Instruction No. 23

**Use of Deposition at Trial**

Certain testimony has been read into evidence from depositions. A deposition is testimony taken under oath before the trial and preserved in writing. If a witness is unavailable and his or her deposition testimony is read at trial, it is to be given the same consideration and weight as other testimony presented at trial.

Authority: Federal Rule of Civil Procedure 32(a)(4)(B)& (D).

Instruction No. 24

**<u>OPINION EVIDENCE</u>**

You have heard testimony from a person(s) who because of education or experience are permitted to state opinions and the reasons for those opinions

Opinion testimony should be judged just like other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

Instruction No. 25

**<u>DUTY TO CONSIDER AN EMPLOYEE'S DISABILITY ON A CASE-BY-CASE BASIS</u>**

      The ADA obligates employers like Dollar General to determine the existence of a disability **and** its impact on the individual employee on a case-by-case basis.

Authority : 42 U.S.C.S. § 12102(2); 42 U.S.C.S. § 12102(2)(A).

Instruction No.26

**<u>Damages—Back Pay</u>**

One element of damages that may be awarded is referred to as back pay. Back pay consists of any lost wages. The amount of lost wages due is determined by calculating the amount Ms. Atkins would have earned from Dollar General up to the date of trial, had she not been terminated.

Authority: Authority: Section 706(g)(1) of Title VII, 42 U. S. C. §2000e-5(g)(1).

Instruction No. 27

**<u>Lost Wages</u>**

If you find by a preponderance of the evidence that Ms. Atkins lost income or fringe benefits as a result of the discharge, then the plaintiff and Ms. Atkins are entitled to recover what Ms. Atkins would have earned from Dollar General from the date of her termination through the date of the trial, less any amount she earned in subsequent employment or could have earned by exercising reasonable diligence in finding suitable employment.

The Defendant has the burden to show, by a preponderance of the evidence, the amount of earnings that the claimants earned or reasonably could have earned subsequent to the dates their employment ended with Dollar General.

Authority: Section 706(g)(1) of Title VII, 42 U. S. C. §2000e-5(g)(1).

Instruction No. 28

**<u>Damages—Compensatory Damages</u>**

If you find in favor of the EEOC on any of its claims, you must determine an amount that is fair compensation for Ms. Atkins' damages that were caused by Dollar General's actions. The damages that you award must be fair compensation—no more and no less. The EEOC and Ms. Atkins have the burden of proving entitlement to compensatory damages by a preponderance of the evidence.

You may award damages, based on the evidence introduced at trial, for back pay and compensatory damages, which includes, emotional pain and suffering, loss of reputation, inconvenience, and mental anguish.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork.

On the other hand, the law does not require that the EEOC and Ms. Atkins prove the amount of each of Ms. Atkins' losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit. There is no exact standard for fixing the compensation to be awarded for these elements of damages.

If you award damages for a claimant, you must compensate that claimant for loss or harm that is reasonably certain to be suffered in the future as a result of the injury in question. You may not include speculative damages, which is compensation for future loss or harm that, although possible, is conjectural or not reasonably certain.

Authority:  Authority: Devitt & Blackmar, Federal Jury Practice Instructions § 104.06; 42 U.S.C. §1981a(b).*Bates et al. v. Dura Automotive Systems, Inc.*, 1:08-cv-00029, Court's Instruction-Damages—Compensatory Damages [ECF No. 194] (July 20, 2011) (as modified) FED-JI § 72.70.

Instruction No. 29

**<u>Damages—Front Pay</u>**

You may also separately calculate front pay. Front pay is future damages, a monetary amount equal to the present value of the wages that Ms. Atkins would have earned had she not been terminated for the period from the date of your verdict until the date when she would have voluntarily resigned, retired, or obtained other employment. Front pay is not an element of compensatory damages within the meaning of the Civil Rights Act of 1991 and thus not subject to the Act's statutory cap. The award of front pay rests within the sound discretion of the trial court and should be based upon the likelihood of continuing disharmony in the workplace and the difficulty of monitoring the employer-employee relationship.

You must reduce any award to its present value by considering the interest that Ms. Atkins could earn on the amount of the award if Ms. Atkins had made a relatively risk-free investment. The reason you make this reduction is because an award of an amount representing future loss of earnings is more valuable to Ms. Atkins if she receives it today that if she received it in the future, when she would otherwise have earned it. It is more valuable because Ms. Atkins can earn interest on it for the period of time between the date of the award and the date she would have earned the money. Thus, you should adjust the amount of any award for future loss of earnings by the amount of interest that Ms. Atkins can earn on that amount in the future.

Authority: *Bates et al. v. Dura Automotive Systems, Inc.*, 1:08-cv-00029, Court's Instruction-Damages—Front Pay [ECF No. 194] (July 20, 2011). *Pollard v. E.I. du Pont e Nemours & Co.*, 121 S. Ct. 1946, 1949 (2001) (Title VII). See also FED-JI § 172.72. *Suggs v. ServiceMaster Educ. Food Mgt.*, 72 F.3d 1228, 1234 (6th Cir. 1996)

Instruction No. 30

**<u>Damages—Mitigation of Damages</u>**

Ms. Atkins must make every reasonable effort to minimize or reduce her damages for lost pay and benefits by seeking employment. This is referred to as "mitigation of damages." Dollar General has the burden to prove, by a preponderance of the evidence, that Ms. Atkins failed to mitigate her damages for lost pay and benefits.

If you decide to award back pay damages, you must subtract from those damages the amount of pay that Ms. Atkins has earned from employment since the date of her termination by Dollar General.

If Dollar General proves that Ms. Atkins failed to use reasonable diligence to find employment, and that comparable employment was available, you must also subtract from any back pay and/or front pay damages the additional amount that you determine Ms. Atkins could have earned by using reasonable efforts. Comparable employment need not be identical in responsibility or compensation, but must be a type of work that a reasonable person would take if in the position of Ms. Atkins.

Authority: *Bates et al. v. Dura Automotive Systems, Inc.*, 1:08-cv-00029, Court's Instruction-Damages—Mitigation of Damages [ECF No. 194] (July 20, 2011). FED-JI § 172.75.

Instruction No. 31

**Punitive Damages**

If you make an award of compensatory or nominal damages to Ms. Atkins, the law allows you, but does not require you, to award punitive damages to Ms. Atkins.

The purpose of an award of punitive damages is, first, to punish a wrongdoer for misconduct and, second, to warn others against doing the same. You may award punitive damages against Dollar General if you find that Dollar General violated the ADA with malice or reckless indifference to the rights of an employee to be free from disability discrimination under the law as I have instructed.

If you determine from the evidence at trial that Dollar General's conduct justifies an award of punitive damages, you may award an amount of punitive damages that all jurors agree is proper. In fixing an amount, you should consider: (1) the offensiveness of Dollar General's conduct; and (2) the amount needed, considering Dollar General's financial condition, to prevent repetition of the wrongdoing. The amount of punitive damages should have a reasonable relationship to the amount of actual damages awarded. The imposition of punitive damages under the ADA is not conditioned on an award of compensatory or nominal damages. If you do award punitive damages, you should fix the amount using calm discretion and sound reason. You must not be influenced by sympathy for, or dislike of, the EEOC, Ms. Atkins, or Dollar General.

Authority: *Bates et al. v. Dura Automotive Systems, Inc.*, 1:08-cv-00029, Court's Instruction-Damages—Punitive Damages [ECF No. 194] (July 20, 2011). *Christensen v. Titan Distribution, Inc.,* 481 F.3d 1085 (8th Cir. 2007); 42 U.S.C. § 1981a(b)(1). See, *Paciorek v. Michigan Consolidated Gas Co.,* 179 F.R.D. 216, 221 (E.D. Mich. 1998).

See also *Kolstad v. American Dental Ass'n,* 527 U.S. 526, 534-35 (1999) (Section 1981 and Title VII).

Instruction No. 32

**Malice or Reckless Indifference**

If you find in favor of the Plaintiff, you may award punitive damages if you find that Defendant acted with malice or reckless indifference to the federally protected rights of an aggrieved individual. "Malice" in this context means that the individual or individuals perpetrating the discrimination engaged in intentional wrongdoing. A person acts maliciously when the person is motivated by ill will, hatred or personal spite. "Reckless indifference" means that the individual or individuals perpetrating the discrimination discriminated in the face of a perceived risk that their actions would violate federal law. A person acts recklessly when the person is aware of, but consciously disregards a substantial and unjustifiable risk of injury or damage to another. Disregarding the risk must be a gross deviation from the standard of care that an ordinary person would use under all the circumstances.

Authority: 42 U.S.C. §1981a(b) and *Kolstad v. American Dental Association*, 527 U.S. 526, 119 S.Ct. 2118 (1999).

Instruction No. 33

**Communications between Court and Jury During Jury's Deliberations**

If it becomes necessary during your deliberations to communicate with the Court, you may send a note by the court security officer, signed by your foreperson or by one or more members of the jury. No member of the jury should even attempt to communicate with the Court by any means other than a signed writing, and the Court will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court.

Bear in mind also that you are never to reveal to any person—not even to the court—how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

Authority: *Bates et al. v. Dura Automotive Systems, Inc.*, 1:08-cv-00029, Court's Instruction-Damages—Communication Between Court and Jury During Jury's Deliberations [ECF No. 194] (July 20, 2011).

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY      )
COMMISSION,                        )
                                   )
                Plaintiff,         )
                                   )        Civil Action No. 3:14-cv-00441
                                   )
and                                )        Judge Varlan
                                   )        Magistrate Judge Guyton
                                   )
LINDA K. ATKINS,                   )        JURY DEMAND
                                   )
         Intervening Plaintiff,    )
                                   )
v.                                 )
                                   )
DOLGENCORP, LLC d/b/a              )
DOLLAR GENERAL CORP.,              )
                                   )
                Defendant.         )

_____

**VERDICT**
_____


1.      Has Plaintiff EEOC proven by a preponderance of the evidence that Defendant Dolgencorp. LLC d/b/a Dollar General Corp. failed to provide a reasonable accommodation to Linda Atkins' disability?


                Yes_____        NO_____

2.      Has Plaintiff EEOC proven by a preponderance of the evidence that Defendant Dolgencorp. LLC d/b/a Dollar General Corp. discharged Linda Atkins' employment for conduct that occurred as a result of its failure to provide her with a reasonable accommodation.

                Yes_____        NO_____

Case 3:14-cv-00441-TAV-HBG   Document 93   Filed 07/09/16   Page 43 of 46   PageID #: 1584

3.     Whether Dollar General discharged Ms. Atkins because of conduct caused by her disability.

Yes_____          NO_____

If your answer to Question No. 1, Question No. 2 **and/or** Question No. 3 is "YES", then proceed to the following questions on damages. If your answer to Question No. 1, Question No. 2 **and** Question No. 3 is "NO", you should not answer any more questions.

4.     Has Plaintiff EEOC proven by a preponderance of the evidence that Linda Atkins lost wages, income or fringe benefits as a result of the Defendant Dollar General's unlawful termination of her employment?

Yes_____          NO_____

If your answer to Question NO. 4 is "YES", then under the laws as given to you in these instructions, state the amount of back pay and fringe benefits that she should be awarded from Defendant Dollar General, less any amount that the Defendant has proven by a preponderance of the evidence that she earned in subsequent employment or could have earned by exercising reasonable diligence in finding suitable employment.

AMOUNT $_____

5.     Has Plaintiff EEOC proven by a preponderance of the evidence that Linda Atkins suffered compensatory damages such as emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, etc., as a result of Defendant Dollar General's failure to provide a reasonable accommodation?

Yes_____          NO_____

If your answer to Question NO. 5 is "YES", then under the laws as given to you in these instructions, state the amount of compensatory damages that Ms. Atkins should be awarded from Defendant Dollar General.

AMOUNT $_____

6.   Has Plaintiff EEOC proven by a preponderance of the evidence that Linda Atkins suffered compensatory damages such as emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, etc., because Defendant Dollar General discharged her for conduct caused by her disability?

Yes_____          NO_____

7.     Has Plaintiff EEOC proven by a preponderance of the evidence that Defendant Dollar General acted with malice or with reckless disregard as to the federally protected rights of Linda Atkins not to be subjected to discrimination because of her disability?

Yes_____          NO_____

If your answer to Question NO. 7 is "YES", then under the laws as given to you in these instructions, state the amount of punitive damages that you find appropriate to punish Dollar General and deter it and other employers from engaging in similar unlawful conduct in the future.

AMOUNT $_____

_____
Foreperson

Dated: _____

46