UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY ) <br> COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> and ) <br> ) <br> ) <br> LINDA K. ATKINS, ) <br> ) <br> Intervening Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DOLGENCORP, LLC d/b/a ) <br> DOLLAR GENERAL CORP., ) <br> ) <br> Defendant. ) | Civil Action No. 3:14-cv-00441 <br><br> Judge Varlan <br> Magistrate Judge Guyton <br><br> JURY DEMAND |

_____

**PLAINTIFF EEOC'S MODIFIED AND/OR ADDED
PROPOSED JURY INSTRUCTIONS**
_____

The Plaintiff, Equal Employment Opportunity Commission ("the Commission"), requests that in addition to the jury instructions proposed by Plaintiffs (Document No. 93), the Court give the following supplemental (modified and/or added) proposed jury instructions at the trial in this matter. The Commission reserves its right to add or modify these proposed instructions pursuant to Court rulings or evidence presented at trial.

Respectfully submitted this 8th day of September, 2016.

**David Lopez**
General Counsel

**Gwendolyn Reams**
Associate General Counsel

**Faye A. Williams**
**Regional Attorney**
(TN BPR No. 011730)

**Gerald L. Thornton**
**Supervisory Trial Attorney**
(TN BPR No. 15898)
gerald.thornton@eeoc.gov

**Markeisha K. Savage, Trial Attorney**
(TN BPR No. 024693)
markeisha.savage@eeoc.gov
EQUAL EMPLOYMENT
OPPORTUNITY
COMMISSION
1407 Union Avenue, Suite 900
Memphis, TN 38104
(901) 544-0075


/s/ *Mark Chen*
**Mark Chen, Trial Attorney**
(TN Bar No. 14268)
mark.chen@eeoc.gov
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Nashville Area Office
220 Athens Way, Suite 350
Nashville, TN 37228-9940
(615) 736-5784
*Attorneys for Plaintiff EEOC*

## CERTIFICATE OF SERVICE

      I hereby certify that on September 8, 2016, a copy of the foregoing Proposed Jury Instructions was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access the filing through the Court's electronic filing system.

      Stanley E. Graham
John E.B. Gerth
Waller Lansden Dortch & Davis, LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219
stan.graham@wallerlaw.com
jeb.gerth@wallerlaw.com

*Attorneys for Defendant Dolgencorp, LLC*

Jennifer B. Morton
Maha M. Ayesh
JENNIFER MORTON LAW, PLLC
8217 Pickens Gap Road
Knoxville, TN37920

*Attorneys for Intervening Plaintiff
Linda Atkins*

                /s/*Mark Chen*
                Mark Chen

**MODIFIED** Instruction No. 11

## **NATURE OF THE CLAIMS**

The EEOC brought this lawsuit in 2014 to correct alleged unlawful employment practices on the basis of disability after Linda Atkins filed a disability discrimination charge against Dollar General. Ms. Atkins has intervened in this case with her own attorney. The EEOC alleges Dollar General 1) failed to accommodate Linda Atkins; 2) discharged Ms. Atkins for conduct that occurred as a result of its failure to provide her with a reasonable accommodation and 3) discharged Ms. Atkins because of conduct caused by her disability. Dollar General denies these claims. It will be your responsibility to decide whether the EEOC and Ms. Atkins have proven their claims against the Defendant by a preponderance of the evidence.

Authority: Joint Pretrial Order

MODIFIED Instruction No.15

**REASONABLE ACCOMMODATION**

The ADA requires employers to make reasonable accommodations to allow disabled individuals to perform the essential functions of their positions. The term "reasonable accommodation" means making modifications to the work place allowing a person with a disability to perform the essential functions of the job or allows a person with a disability to enjoy the same benefits and privileges as an employee without a disability. Reasonable accommodations must be made for otherwise qualified individuals who are actually disabled.

In this case, Ms. Atkins requested that Dollar General allow her to keep orange juice near the cash register for emergency situations.

Plaintiffs allege Dollar General unlawfully discriminated against Ms. Atkins by failing to reasonably accommodate her disability. Your verdict must be for Plaintiffs and against Dollar General if all of the following elements have been proved:

*First*, Ms. Atkins is disabled; and

*Second*, Ms. Atkins could have performed the essential functions of a lead sales associate if Dollar General had provided her with the reasonable accommodation of drinking orange juice in an emergency; and

*Third*, Dollar General knew of or had reason to know about Ms. Atkins' diabetes; and

*Fourth*, Ms. Atkins asked for an accommodation, such as keeping orange juice at the register in a medical emergency; and

*Fifth*, Dollar General failed to provide the necessary accommodation, that is, allowing Ms. Atkins to keep orange juice at the register in a medical emergency.

If any of the above elements have not been proven, then your verdict must be for Dollar General.


Authority: Federal Jury Practice And Instructions, FED-JI § 172:39, 3C Fed. Jury Prac. & Instr. § 172:39 (6th ed. August 2015); *Tate v. Sam's East, Inc.,* No. 3:11-CV-87, 2013 WL 1320634 at *13 (E.D. Tenn. March 29, 2013).

**MODIFIED** Instruction No.17

**<u>REASONABLENESS OF ACCOMMODATION</u>**

Plaintiffs must show that Ms. Atkins' request for a reasonable accommodation—to keep orange juice at the register for her diabetes—was objectively reasonable. In other words, her accommodation would have been effective and would not have cost too much. The fact that Ms. Atkins' accommodation would have violated Dollar General's policy—not allowing employees to keep food or drink at the register—did not automatically make her accommodation unreasonable, even if it allowed her to violate a rule that Dollar General's other employees had to obey.

Authority: *US Airways, Inc. v. Barnett*, 535 U.S. 391, 398 (2002); *Tubbs v. Formica Corp.*, 107 F. App'x 485, 488 (6th Cir. 2004); *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1183 (6th Cir. 1996).

**NEW** Instruction No. 15(a)

## REASONABLE ACCOMMODATION

Under the Americans with Disabilities Act (ADA), it will sometimes be necessary to treat disabled employees differently to achieve the ADA's basic equal opportunity goal. The ADA requires different treatment in the form of "reasonable accommodations" that are needed for those with disabilities to obtain the *same* workplace opportunities that those without disabilities automatically enjoy. By definition any special "accommodation" requires the employer to treat an employee with a disability differently. And the fact that the difference in treatment violates an employer's disability-neutral rule cannot by itself place the accommodation beyond the ADA's potential reach.

Authority:  *U.S. Airways, Inc. v. Barnett*, 535 U.S. 391, 397, 122 S. Ct. 1516, 1521, 152 L. Ed. 2d 589 (2002).

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) ) | Civil Action No. 3:14-cv-00441 |
| and ) ) ) | Judge Varlan<br>Magistrate Judge Guyton |
| LINDA K. ATKINS, ) ) | JURY DEMAND |
| Intervening Plaintiff, ) ) ) | |
| v. ) ) ) | |
| DOLGENCORP, LLC d/b/a<br>DOLLAR GENERAL CORP., ) ) ) | |
| Defendant. ) | |

_____

**VERDICT**
_____


1.     Have Plaintiffs EEOC and Linda Atkins proven by a preponderance of the evidence that Defendant Dolgencorp LLC d/b/a Dollar General Corp. failed to provide a reasonable accommodation to Linda Atkins' disability?

                    Yes_____          NO_____

2.     Have Plaintiffs EEOC and Linda Atkins proven by a preponderance of the evidence that Defendant Dolgencorp LLC d/b/a Dollar General Corp. discharged Linda Atkins' employment for conduct that occurred as a result of its failure to provide her with a reasonable accommodation?

                    Yes_____          NO_____

3.     Have Plaintiffs EEOC and Linda Atkins proven by a preponderance of the evidence that Defendant Dolgencorp LLC d/b/a Dollar General Corp. discharged Ms. Atkins because of conduct caused by her disability?

            Yes_____          NO_____

If your answer to **either** Question No. 1, Question No. 2 **and/or** Question No. 3 is "YES", then proceed to the following questions on damages. If your answer to all three questions - Question No. 1, Question No. 2 **and** Question No. 3 - is "NO", you should not answer any more questions.

4.     Have Plaintiffs EEOC and Linda Atkins proven by a preponderance of the evidence that Linda Atkins lost wages, income or fringe benefits as a result of the Defendant Dollar General's unlawful termination of her employment?

            Yes_____          NO_____

If your answer to Question NO. 4 is "YES", then under the laws as given to you in these instructions, state the amount of back pay and fringe benefits that she should be awarded from Defendant Dollar General, less any amount that the Defendant has proven by a preponderance of the evidence that she earned in subsequent employment or could have earned by exercising reasonable diligence in finding suitable employment.

            AMOUNT $_____

5.     Have Plaintiffs EEOC and Linda Atkins proven by a preponderance of the evidence that Linda Atkins suffered compensatory damages such as emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, etc., as a result of Defendant Dollar General's failure to provide her with a reasonable accommodation?

            Yes_____          NO_____

If your answer to Question NO. 5 is "YES", then under the laws as given to you in these instructions, state the amount of compensatory damages that Ms. Atkins should be awarded from Defendant Dollar General.

            AMOUNT $_____

6.     Have Plaintiffs EEOC and Linda Atkins proven by a preponderance of the evidence that Linda Atkins suffered compensatory damages such as emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, etc., when

Defendant Dollar General discharged her because of conduct that occurred as a result of its failure to provide her with a reasonable accommodation?

            Yes_____        NO_____

If your answer to Question NO. 6 is "YES", then under the laws as given to you in these instructions, state the amount of compensatory damages that Ms. Atkins should be awarded from Defendant Dollar General.

            AMOUNT $_____

7.    Have Plaintiffs EEOC and Linda Atkins proven by a preponderance of the evidence that Linda Atkins suffered compensatory damages such as emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, etc., when Defendant Dollar General discharged her because of conduct caused by her disability?

            Yes_____        NO_____

If your answer to Question NO. 7 is "YES", then under the laws as given to you in these instructions, state the amount of compensatory damages that Ms. Atkins should be awarded from Defendant Dollar General.

            AMOUNT $_____

8.    Have Plaintiffs EEOC and Linda Atkins proven by a preponderance of the evidence that Defendant Dollar General acted with malice or with reckless disregard as to the federally protected rights of Linda Atkins not to be subjected to discrimination because of her disability?

            Yes_____        NO_____

_____
Foreperson

Dated: _____