IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 3:14-cv-00441 |
| and | ) ) ) | Judge Varlan<br>Magistrate Judge Guyton |
| **LINDA K. ATKINS,** | ) ) | Jury Demand |
| Intervening Plaintiff, | ) ) | |
| v. | ) ) | |
| **DOLGENCORP, LLC d/b/a DOLLAR GENERAL CORP.,** | ) ) ) | |
| Defendant. | ) | |

**INTERVENING PLAINTIFF'S SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS and PROPOSED VERDICT FORM**

Intervening Plaintiff Linda Atkins, through counsel, submits the following Supplemental Proposed Jury Instructions, which she requests be read to the jury that will hear her case. Ms. Atkins submits a proposed verdict form.

The following supplemental instructions are proposed at this time:

IP-1: "Disability" Under the ADA

IP-2: Employer's Duty to Treat Disabled Employees Differently

IP-3: Similarly Situated Employees

IP-4: Duty to Engage in the Interactive Process

IP-5: Termination Resulting from Failure to Accommodate

IP-6: Termination for Disability-Related Conduct

IP-7: Defendant Must Articulate a Legitimate Non-Discriminatory Reason for Termination

IP-8: Limited Relevance of Evidence that Defendant Employs and Has Accommodated Other Employees

IP-9: Mitigating Damages

IP-10: Plaintiff's Vulnerability or Preexisting Condition is Relevant

Respectfully submitted,

*s/ Maha Ayesh*
Jennifer B. Morton
Maha M. Ayesh
JENNIFER MORTON LAW, PLLC
8217 Pickens Gap Road
Knoxville, TN 37920
(865) 579-0708
jen@jmortonlaw.com
maha@jmortonlaw.com

*Attorneys for Intervening Plaintiff Linda Atkins*

# IP-1: "Disability" Under the ADA

Under the ADA, the term "disability" means a physical or mental impairment that "substantially limits" one or more major life activities. I will now define some of these terms in more detail.

First, diabetes qualifies as an impairment under the ADA.[1]

Second, "substantially limits" is not meant to be a demanding standard.[2] It only means that something is more difficult for the disabled person as compared to the general population.[3] An impairment need not prevent, or significantly restrict, the individual from performing a major life activity in order to be considered substantially limiting.[4] In determining whether Ms. Atkins was substantially limited in an activity, you should consider her limitations <u>without</u> any remedial or corrective measures, such as medication, insulin, or diet.[5] An impairment that is episodic or in remission is a disability if it would substantially limit a major life activity when active.[6]

Finally, "major life activities" include eating, as well as other activities such as, but not limited to, caring for oneself, performing manual tasks, concentrating, thinking, communicating, and working.[7] A "major life activity" also may include the operation of a major bodily function such as the endocrine function, or the operation of an individual organ

---

[1] EEOC, "Questions & Answers about Diabetes in the Workplace and the Americans with Disabilities Act (ADA)," *available at http://www.eeoc.gov/laws/types/diabetes.cfm#fn10*.
[2] 29 C.F.R. §1630.2(j)(1).
[3] *Id.* at §1630.2(j)(1)(ii).
[4] *Tate v. Sam's East, Inc.,* No. 3:11- CV-87, 2013 WL 1320634 at *9 (E.D. Tenn. March 29, 2013) (citing 29 C.F.R. § 1630.2(j)(ii)).
[5] 29 C.F.R. §1630.2(j)(1)(vi).
[6] *Id.* at §1630.2(j)(1)(vii).
[7] 42 U.S.C. § 12102(2)(A)

within a body system, such as the pancreas.[8] The term "major" does not create a demanding standard for proving a disability.[9]

Under the ADA, the term "disability" is meant to be understood in favor of broad coverage.[10] A person does not need to present scientific, medical, or statistical evidence to prove that she has a disability.[11] Credible testimony from the plaintiff or others can be sufficient to prove a disability.[12]

Remember that your job is not to judge whether Ms. Atkins did a good or bad job of taking care of her disability. You are also not to compare Ms. Atkins' disability with any disability you have or that anyone you know has. You are only to determine whether she had an impairment that substantially limited her in at least one major life activity.[13]

---

[8] 29 C.F.R. §1630.2(j)(1)(i)-(iii)
[9] *Id.* at §1630.2(i)(ii)(2) (citing ADAAA Section 2(b)(4) (Findings and Purposes)).
[10] 42 U.S.C. §12102(4)(A)
[11] 29 C.F.R. § 1630.2§ 1630.2(j)(1)(v).
[12] *Williams v. AT&T Mobility Servs., LLC*, 2016 U.S. Dist. LEXIS 63895, at *20-21 (W.D. Tenn. May 16, 2016).
[13] 29 C.F.R. §1630.2(j)(1)(iv) ("The determination of whether an impairment substantially limits a major life activity requires an individualized assessment.").

## IP-2: Modified Workplace Policies as an Accommodation

The purpose of the ADA is to provide equal employment opportunities to disabled individuals. This sometimes requires that an individual with a disability be treated differently than other employees, to the extent that it requires the employer to reasonably accommodate an employee absent undue hardship.[14] A reasonable accommodation may include permitting the worker with a disability to violate a rule that others must obey.[15] Thus, modifying a workplace policy may be considered a reasonable accommodation that an employer must provide.[16]

---

[14] *U.S. Airways, Inc. v. Barnett*, 535 U.S. 391, 397 (2002).
[15] *Id.* at 398.
[16] *Id.*; *see also* EEOC, "Enforcement Guidance: Reasonable Accommodation and Undue Hardship Under the Americans with Disabilities Act," Oct. 17, 2002, *available at* http://www.eeoc.gov/policy/docs/accommodation.html#workplace.

### IP-3: Similarly Situated Employees

To the extent that Defendant has alleged that it treated other employees the same as it treated Ms. Atkins, you must determine the extent to which the comparator employees were similar in all relevant respects.[17] You should consider such factors as whether the individuals have dealt with the same supervisor, have been subject to the same standards, and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it.[18] The fact that Defendant terminated non-disabled individuals for engaging in similar conduct as Ms. Atkins is not relevant to determining whether Ms. Atkins was entitled to an accommodation, unlawfully terminated because of conduct caused by Defendant's failure to accommodate her, and/or unlawfully terminated because of disability-related conduct.[19]

If, however, you find evidence that Defendant treated non-disabled employees better than it treated Ms. Atkins, you may infer that the Defendant discriminated against Ms. Atkins because of her disability.[20]

---

[17] *Bobo v. United Parcel Serv., Inc.*, 665 F.3d 741, 751 (6th Cir. 2012).
[18] *Wright v. Murray Guard, Inc.*, 455 F.3d 702, 710 (6th Cir. 2007) (quoting *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir. 1998)).
[19] Doc. 66, Memorandum Opinion and Order, slip op. p. 45 (July 7, 2016).
[20] *Id.*, slip op. at 46 (citing *Ercegovich*, 154 F.3d at 352).

### IP-4: Duty to Engage in the Interactive Process

Once an employee with a disability requests an accommodation, the ADA requires that the employer engage in an interactive process to identify the precise limitations resulting from the disability and potential reasonable accommodations that could overcome those limitations.[21] This interactive process is mandatory, and both parties have a duty to participate in good faith.[22]

You may find that Defendant unlawfully failed to provide Ms. Atkins with a reasonable accommodation if you find that Defendant failed to engage in this interactive process in good faith and that a reasonable accommodation would have been possible but for the employer's failure to engage in the interactive process.[23] Once an employer becomes aware of a need for accommodation, it must explore possible accommodations with the employee and must take steps to understand and address the employee's disability.[24] An employer who makes no efforts to understand the employee's medical condition and need for accommodation has not engaged in good faith in the interactive process.[25]

An employee's obligation in order to trigger the interactive process is to make her need for an accommodation known to her employer.[26] The employee is not required to arrive at the end product by herself by determining what accommodation her employer would prefer and requesting

---

[21] *Melange v. City of Center Line*, 482 F. App'x 81, 84 (6th Cir. 2012) (citing *Kleiber v. Honda of Am. Mfg., Inc.*, 485 F.3d 862, 871 (6th Cir. 2007)).
[22] *Kleiber*, 485 F.3d at 871.
[23] *Breitfelder v. Leis*, 151 F. App'x 379, 386 (6th Cir. 2005) (quoting *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 320 (3d Cir. 1999)); *Burress v. City of Franklin*, 809 F. Supp. 2d 795, 813 (M.D. Tenn. 2011) (citing *Lafata v. Church of Christ Home for the Aged*, 325 F. App'x 416, 422 (6th Cir. 2009)).
[24] *Tobin v. Liberty Mut. Ins. Co.*, 433 F.3d 100, 108 n.7 (1st Cir. 2005).
[25] *Jones v. Nissan N. Am., Inc.*, 438 Fed. Appx. 388, 390, 2011 U.S. App. LEXIS 17412, *1 (6th Cir. 2011); *Lovell v. Champion Car Wash, LLC*, 969 F. Supp. 2d 945, 953-954 (M.D. Tenn. 2013); *Coffman v. Robert J. Young Co.*, 871 F. Supp. 2d 703, 714-715 (M.D. Tenn. 2012).
[26] *Gantt v. Wilson Sporting Goods Co.*, 143 F.3d 1042, 1046 (6th Cir. 1998).

that particular accommodation.[27] Nor is the employee required to unilaterally explore all possible accommodations on her own.[28]

If you find that Defendant has failed to engage in the interactive process, Ms. Atkins is entitled to relief on this basis if she proves that she could have been reasonably accommodated had the Defendant engaged in the interactive process in good faith.[29] This means that you should find in Ms. Atkins' favor if you find that Defendant failed to engage in the interactive process *and* if Ms. Atkins can identify a reasonable accommodation that was available and would not have caused an undue hardship to Defendant.[30]

---

[27] *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 316 (3d Cir. 1999)
[28] Doc. 66, Memorandum Opinion and Order, slip op. at 48-49.
[29] *EEOC v. Ford Motor Co.*, 782 F.3d 753, 766 (6th Cir. 2015); *Arthur v. Am. Showa, Inc.,* 625 F. App'x 704, 711 (6th Cir. 2015); *Keith v. Cty. of Oakland,* 703 F.3d 918, 929 (6th Cir. 2013).
[30] *Lafata v. Dearborn Heights Sch. Dist. No. 7*, 2013 U.S. Dist. LEXIS 173731, *29-33, 2013 WL 6500068 (E.D. Mich. 2013).[30]

### IP-5: Termination Resulting from Failure to Accommodate

The Plaintiffs allege that Defendant unlawfully terminated Ms. Atkins when it fired her for conduct that was the result of its own failure to accommodate her.

The ADA prohibits an employer from discharging an employee "because of" the employee's disability.[31] You may find that Defendant unlawfully discharged Ms. Atkins because of her disability if you find that Defendant failed to accommodate Ms. Atkins' known disability, and that this failure to accommodate led to conduct or performance inadequacies that were the reason for her termination.[32]

In this case, Defendant alleges that it terminated Ms. Atkins because she violated a company policy, not because of her disability. However, if the evidence convinces you that, had Dollar General granted Ms. Atkins a reasonable accommodation, Ms. Atkins would not have been fired for violating a workplace policy, then you must find in favor of the Plaintiffs.[33]

---

[31] *Lewis v. Humboldt Acquisition Corp.*, 681 F.3d 312, 321 (6th Cir. 2012).
[32] *McPherson v. Mich. High Sch. Ath. Ass'n*, 119 F.3d 453, 460 (6th Cir. 1997).
[33] *Hildebrand v. Dollar Gen. Corp.*, 2013 U.S. Dist. LEXIS 98974, at *25 (M.D. Tenn. July 16, 2013).

### IP-6: Termination for Disability-Related Conduct

Plaintiffs also allege that Defendant unlawfully discharged Ms. Atkins for conduct related to her disability. Defendant alleges that it was entitled to terminate Ms. Atkins for violating the employee purchase policy.

Under the ADA, an employer may discipline an employee for job-related misconduct that disqualifies the employee from her job.[34] If an employee has committed a conduct or rule violation as a result of her disability, Defendant may only discipline the employee if the rule she violated is job-related *and* if enforcing it is consistent with business necessity.[35] It is not enough, however, that an employer had a business reason for having or enforcing the rule in general. If an employee violated a rule because of her disability, the employer must show that it had a business necessity to enforce the rule against that employee under the particular circumstances.[36] Whether enforcing a conduct rule is job related and consistent with business necessity may rest on several factors, including the manifestation or symptom of a disability affecting an employee's conduct, the frequency of occurrences, the nature of the job, the specific conduct at issue, and the working environment

If you find that Defendant terminated Ms. Atkins for conduct that was caused by her disability and that Defendant's enforcement of the conduct rule against Ms. Atkins was not job related and consistent with a business necessity under the circumstances, you should find in favor of Plaintiffs.

---

[34] *Macy v. Hopkins Cty. Sch. Bd. of Educ.*, 484 F.3d 357, 366 (6th Cir. 2007).
[35] *Yarberry v. Gregg Appliances, Inc.*, 625 F. App'x 729, 739 (6th Cir. 2015) (citation omitted) (citing EEOC publication, *The Americans with Disabilities Act: Applying Performance and Conduct Standards to Employees with Disabilities*).
[36] *EEOC v. Walgreen Co.*, 34 F. Supp. 3d 1049, 1056 (N.D. Cal. 2014) (citing EEOC publication)( ""[t]he only requirement imposed by the ADA is that a conduct rule be job-related and consistent with business necessity when it is applied to an employee whose disability caused her to violate the rule").

## IP-7: Defendant Must Articulate a Legitimate Non-Discriminatory Reason for Termination[37]

Defendant alleges that its decision to discharge Ms. Atkins was not because of her disability but because she violated a work policy. In order for you to consider Defendant's stated reason for discharging Ms. Atkins as a legitimate, non-discriminatory reason, you should consider whether the reason given is the result of Defendant's failure to accommodate Ms. Atkins. Reasons asserted by an employer for terminating an employee that flow from or are caused by the defendant's failure to accommodate the employee's disability are not "legitimate, non-discriminatory" reasons.[38] The ADA does not insulate an employer from liability for causing an employee to fail by refusing to accommodate her disability.[39]

Additionally, you should not consider Defendant's reason for discharging Ms. Atkins as legitimate and non-discriminatory if you find that it is the equivalent of discharging Ms. Atkins for disability-related conduct that is not job-related or consistent with a business necessity, as you have been instructed.[40]

If you believe Defendant has proffered a legitimate, non-discriminatory reason for its decision to discharge Ms. Atkins, Plaintiffs may still prevail on their discrimination claims if

---

[37] Intervening Plaintiff objects to instructing the jury on "pretext." A pretext analysis is not relevant to this case, because Plaintiffs do not dispute that Defendant discharged Ms. Atkins for a rule violation. Rather, Plaintiffs contend that this rule violation amounts to termination *because of* her disability. Additionally, Intervening Plaintiff objects to instructing the jury on the *McDonnell-Douglas* burden-shifting framework, because that legal analysis ceases to be relevant beyond summary judgment and once a case proceeds to trial. *McDole v. City of Saginaw*, 471 F. App'x 464, 475 (6th Cir. 2012). Intervening Plaintiff offers this instruction in the event that the Court decides to instruct on pretext over her objections.

[38] *Hildebrand v. Dollar Gen. Corp.*, 2013 U.S. Dist. LEXIS 98974 (M.D. Tenn. July 16, 2013); *EEOC v. Walgreen Co.*, 34 F. Supp. 3d 1049, 1059 (N.D. Cal. 2014); *EEOC v. Centura Health Corp.*, 2007 U.S. Dist. LEXIS 70174 at *15 (D. Colo. 2007); *Brown v. Arizona*, 2011 U.S. Dist. LEXIS 79267, at *28 (D. Ariz. 2011).

[39] *Hildebrand,* at *25-25.

[40] *Yarberry v. Gregg Appliances, Inc.*, 625 F. App'x 729, 739 (6th Cir. 2015).

they can prove that Defendant's stated reason is a pretext. Plaintiffs may prove pretext by showing that (1) Defendant's reason had no basis in fact, (2) Defendant's reason did not actually motivate the adverse action, *or* (3) Defendant's reason was insufficient to warrant the adverse action.[41]

Evidence of pretext also includes evidence challenging the reasonableness of the decision to terminate Ms. Atkins.[42] Evidence that the defendant failed to make a reasonably informed and considered business decision may lead you to determine that the defendant's decision-making process is unworthy of credence and that the defendant's stated reason is pretext for discrimination.[43] Pretext may also be proved through evidence of weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's explanation.[44]

Plaintiffs may also prove pretext through evidence that the Defendant disciplined Ms. Atkins for a rule violation for which others were not disciplined.[45]

The ultimate question for you to decide is whether disability discrimination is a "but-for" cause of Ms. Atkins's termination.[46]

---

[41] *Manzer v. Diamond Shamrock Chems., Co.*, 29 F.3d 1078, 1084 (6th Cir. 1994).
[42] *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 393 n.6 (6th Cir. 2008). *Dr. Colleen Erbel v. Michael O. Johann*s, No. 3:04-cv-555 (E.D. Tenn.) (J. Phillips Charge); *Samuel O'Neal v. Wackenhut Servs. Inc.*, No. 3:03-CV-397 (E.D. Tenn.) (J. Phillips Charge).
[43] *Smith v. Chrysler Corp.*, 155 F.3d 799, 807 08 (6th Cir. 1998).
[44] *Anderson v. Sanford L.P.*, 2008 U.S. Dist. LEXIS 9286, *20-21 (E.D. Tenn. Feb. 7, 2008) (Varlan, J.).
[45] *Jackson v. VHS Detroit Receiving Hosp., Inc.*, No. 15-1802, 2016 U.S. App. LEXIS 3104, at *20-21 (6th Cir. Feb. 23, 2016)
[46] Doc. 66, Memorandum Opinion and Order, slip op. p. 47.

### IP-8: Limited Relevance of Evidence that Defendant Employs and has Accommodated Other Employees

You have heard evidence that other people employed by Defendant have disabilities and/or have been accommodated by Defendant. I caution you to keep in mind that whether Defendant employed other individuals with disabilities and whether it has accommodated other employees is not evidence that it fulfilled *Ms. Atkins'* rights under the Americans with Disabilities Act.[47]

As I have instructed you previously, you should not compare Ms. Atkins' disability with the disabilities of any other individuals.

---

[47] *Furnco Const. Corp. v. Waters*, 438 U.S. 567, 579 (1978).

### IP-9: Mitigating Damages

Ms. Atkins has a duty to mitigate her damages, meaning that she took reasonable efforts to seek gainful employment after Defendant terminated her. It is Defendant's burden to prove, by a preponderance of the evidence, that Ms. Atkins failed to mitigate her damages for lost pay.[48]

If you decide to award back pay damages, you should subtract from those damages the amount of pay that Ms. Atkins has earned from employment since the date of her termination by Dollar General. However, you should take into account the number of hours that Ms. Atkins had to work in order to obtain her mitigating income. It is appropriate to discount her mitigating income to compare it to what she would have earned if she had worked the same number of hours she worked while employed by the Defendant.[49]

Moreover, if you find that Dollar General's conduct impaired Ms. Atkins' ability to mitigate her damages, you should not reduce her back pay as a result.[50]

---

[48] *Skalka v. Fernald Envtl. Restoration Mgmt. Corp.*, 178 F.3d 414, 426 (6th Cir. 1999).
[49] *Gaffney v. Riverboat Servs.*, 451 F.3d 424, 462 (7th Cir. 2006).
[50] *Durham Life Ins. Co. v. Evans*, 166 F.3d 139, 157 (3d Cir. 1999).

## IP-10: Plaintiff's Vulnerability or Preexisting Condition is Relevant

Vulnerability is relevant in determining damages. The fact that the plaintiff may be unusually emotionally sensitive and incur great emotional harm from discriminatory conduct will not absolve the defendant from responsibility for the greater emotional harm. The defendant takes the plaintiff as it finds her. In some cases unusual sensitivity will enhance the loss; in others unusual hardiness will reduce it. Payment of the actual damage in each case will both compensate the plaintiff and lead the defendant to take account of the full consequences of its acts. It is particularly relevant to consider the plaintiff's vulnerability when there is evidence that the defendant had knowledge of the plaintiff's vulnerability before it took its actions against her.[51]

---

[51] *Turic v. Holland Hospitality*, 85 F.3d 1211, 1215-1216 (6th Cir. 1996).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** ) ) ) | |
| Plaintiff, ) ) | Civil Action No. 3:14-cv-00441 |
| and ) ) ) | Judge Varlan<br>Magistrate Judge Guyton |
| **LINDA K. ATKINS,** ) ) | Jury Demand |
| Intervening Plaintiff, ) ) | |
| v. ) ) | |
| **DOLGENCORP, LLC d/b/a DOLLAR GENERAL CORP.,** ) ) ) | |
| Defendant. ) | |

### INTERVENING PLAINTIFF'S PROPOSED VERDICT FORM No. 1

1. Have Plaintiffs EEOC and Linda Atkins proven that it is more likely true than not that Defendant Dollar General failed to provide a reasonable accommodation to Linda Atkins?
   Yes_____ NO_____

2. Have Plaintiffs EEOC and Linda Atkins proven that it is more likely true than not that Defendant Dollar General discharged Ms. Atkins' employment for conduct that occurred as a result of its failure to provide her with a reasonable accommodation?
   Yes_____ NO_____

3. Have Plaintiffs EEOC and Linda Atkins proven that it is more likely true than not that Defendant Dollar General discharged Linda Atkins because of her disability when it discharged her for disability-related conduct?

Yes_____ NO_____

If your answer to Question No. 1, Question No. 2 and/or Question No. 3 is "YES", then proceed to the following questions on damages. If your answer to Question No. 1, Question No. 2 and Question No. 3 is "NO", you should not answer any more questions.

4. What amount of lost earnings, in the form of back pay and/or front pay, do you believe Linda Atkins is entitled to as a result of Defendant's unlawful employment actions?

    AMOUNT $_____

5. What amount of compensatory damages may Ms. Atkins recover, including damages for pain and suffering, inconvenience, mental anguish, emotional distress, loss of enjoyment of life, harm to reputation, and other non-economic losses?

    AMOUNT $_____

6. Has Plaintiffs EEOC and Linda Atkins proven by a preponderance of the evidence that Defendant Dollar General acted with malice, reckless disregard, or callous indifference to the federally protected rights of Linda Atkins not to be subjected to discrimination because of her disability?

    Yes_____ NO_____

_____     _____
Foreperson                                                                        Date

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 3:14-cv-00441 |
| and | ) ) ) | Judge Varlan<br>Magistrate Judge Guyton |
| **LINDA K. ATKINS,** | ) ) | Jury Demand |
| Intervening Plaintiff, | ) ) | |
| v. | ) ) | |
| **DOLGENCORP, LLC d/b/a DOLLAR GENERAL CORP.,** | ) ) ) | |
| Defendant. | ) | |

**INTERVENING PLAINTIFF'S PROPOSED VERDICT FORM No. 2**

We, the jury, having found that Plaintiffs EEOC and Linda Atkins have established a claim of disability discrimination and is entitled to punitive damages, do hereby also answer as follows:

7. What, if any, punitive damages should be assessed against Defendant Dollar General for violating Ms. Atkins' rights under the Americans with Disabilities Act?

    $_____

_____        _____
Foreperson                                                    Date

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2016, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access the filing through the Court's electronic filing system.

*s/ Jennifer Morton*