UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>and )<br>)<br>LINDA K. ATKINS, )<br>)<br>Intervening Plaintiff, )<br>)<br>v. )<br>)<br>DOLGENCORP, LLC d/b/a )<br>DOLLAR GENERAL CORP., )<br>)<br>Defendant. ) | Civil Action No. 3:14-cv-00441<br><br>Judge Varlan<br>Magistrate Judge Guyton |

**[PROPOSED] JUDGMENT OF INJUNCTIVE RELIEF**

The jury returned a verdict in favor of Plaintiff United States Equal Employment Opportunity Commission ("EEOC" or "Commission") and Plaintiff-Intervenor Linda Atkins on September 16, 2016, on the issue of disability discrimination.

The jury found that Defendant Dolgencorp, LLC, d/b/a Dollar General Corp. ("Dolgencorp"), discriminated against Ms. Atkins because of her disability by failing to provide her with a reasonable accommodation in violation of the Americans with Disabilities Act ("ADA").

The jury found that Dolgencorp discriminated against Ms. Atkins by terminating her because of her disability in violation of the ADA.

The jury awarded Ms. Atkins $27,565.44 in back pay, and $250,000 in compensatory (emotional) damages, as a result of Dolgencorp's violation of the ADA.

The Court has considered the EEOC's motion for injunctive relief and Defendant's opposition. The Court finds the motion meritorious.

The ADA, 42 U.S.C. § 12117(a), empowers the Court "to enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate, . . . or any other equitable relief as the court deems appropriate."

**IT IS ORDERED** that the EEOC's motion for injunctive relief is **GRANTED**;

**IT IS FURTHER ORDERED** that the following injunctive relief is **ENTERED**:

1. Dolgencorp shall permanently prohibit unlawful discrimination towards employees or applicants for employment on the basis of disability, within the meaning of the ADA, which includes but is not limited to refusing to engage in the interactive process and refusing to make a reasonable accommodation to the known physical or mental limitations of a qualified individual with a disability who is an applicant for employment or employee, unless the accommodation would impose an undue hardship on the operation of its business.

2. Within 14 days after the entry of this Judgment of Injunctive Relief, Dolgencorp must deliver a letter to all of its employees who work within Region 82 and its Goodlettsville, Tennessee corporate office, advising them of the verdict against Dolgencorp in this case on the claim of disability discrimination, stating that Dolgencorp will not tolerate disability discrimination and that Dolgencorp will take appropriate disciplinary action against any manager, supervisor or

employee who engages in sexual harassment or retaliation. The letter shall be printed on Dolgencorp's letterhead and shall be signed by Dolgencorp's Chief Executive Officer.

3. Within 14 days after entry of this Judgment of Injunctive Relief, Dolgencorp must post a copy of the remedial Notice of Non-Discrimination Policy, hereto attached, in a conspicuous place on the premises of each store within Region 82 and its Goodlettsville, Tennessee corporate office. The notice must remain posted for the duration of the compliance period of this Judgment of Injunctive Relief. Defendant shall also continue to conspicuously post the Notice (poster) required by Title VII, throughout the compliance period of this Judgment of Injunctive Relief. Dolgencorp shall ensure that the posting is placed in a location that supports unobstructed viewing.

4. If contacted for references by another potential employer, Dolgencorp shall provide Linda K. Atkins a neutral job reference, stating only her dates of employment and positions held.

5. Within 120 days of the effective date of this Permanent Injunction, Dolgencorp shall provide training to all of its employees working in Region 82 (including all district managers and the regional loss prevention managers) and employees in its Goodlettsville, Tennessee corporate office. The training shall include an explanation of the requirements of the ADA, including the interactive process, reasonable accommodations, and Dolgencorp's anti-discrimination policy.

6. Within 90 days of the effective date of this Permanent Injunction, Dolgencorp shall provide the EEOC with a copy of the training materials and related documentation that it intends to use for the training listed in Paragraph 4.

7. Within 60 days of the effective date of this Permanent Injunction, Dolgencorp must certify to this Court via electronic filing that the letter mentioned in paragraph 2 and the Notice mentioned in paragraph 3 has been posted in all stores within Region 82 and in the Goodlettsville, TN corporate office.

8. Dolgencorp shall submit four reports to the Commission during the four year term of this Permanent Injunction.

   a. Dolgencorp shall submit the first report twelve months after the effective date of this Permanent Injunction. Dolgencorp shall submit the second report twenty-four months after the effective date of this Permanent Injunction. Dolgencorp shall submit the third report thirty-six months after the effective date of this Permanent Injunction. Dolgencorp shall submit the fourth and final report forty-six months after the effective date of this Permanent Injunction.

   b. Reports shall be sent to the attention of Faye A. Williams, Regional Attorney, or her successor, at 1407 Union Avenue, 9th Floor, Memphis, TN 38104.

   c. Reports shall include, for the twelve-month period preceding the due date of the report, all requests for disability accommodation made by employees or applicants for employment in Region 82 and the Goodlettsville, TN corporate office: the name and position of each employee or applicant for employment who made a request for accommodation; a brief description of the interactive

process or any individualized assessment conducted by Dolgencorp; whether an accommodation was provided, and, if so, what accommodation was provided; or, if not, an explanation of the reasons for denying the request.

   d. Reports shall also include for the twelve-month period preceding the due date of the report, the name and position of all employees in Region 82 and the Goodlettsville, TN corporate office discharged (voluntary or involuntary) for disability-related reasons; a description of the former employee's disability; and the reason for the discharge.

   e. If the EEOC has any questions about any report submitted by Dolgencorp, it shall contact Dolgencorp's corporate counsel Michael Russie or his successor.

9. The EEOC may review compliance with this Permanent Injunction.

   a. To review compliance with this Permanent Injunction, the EEOC may inspect any of Dolgencorp's stores within Region 82 without any prior notice for compliance with the posting provisions of Paragraph 3. While at Dolgencorp's facilities, the Commission will only speak to the highest ranking key carrier on duty for the purpose of locating and inspecting the postings referenced in Paragraph 3.

   b. If the EEOC intends to interview employees and examine and copy documents related to enforcement of the Permanent Injunction (which will be limited to the required posting and any report referenced in Paragraph 8), it will first communicate with Dolgencorp's corporate counsel Michael Russie, or another person designated by Dolgencorp, regarding the issues to be addressed in the interviews. If the EEOC

5

still needs to conduct interviews, it shall give Dolgencorp two business weeks' notice. The EEOC agrees that it will interview the HR Representative responsible for the response to the accommodation request. The EEOC agrees that any witness interview or documents it requests and reviews will not be used as a basis for further litigation or action against Dolgencorp, except to enforce the terms of this Permanent Injunction. The notice requesting interviews and documents will be sent to Michael Russie, his successor, or another person designated by Dolgencorp. Interviews conducted by the EEOC will not be conducted at Dollar General's facilities. Dolgencorp agrees to produce the HR representative most knowledgeable of the facts in the Report in question for interview at the nearest EEOC office within two (2) business weeks for an interview by the EEOC. Dolgencorp may have a company representative or counsel at the interview, by telephone or in person.

10. In the event that the EEOC alleges that Dolgencorp has violated the terms of this Permanent Injunction, prior to exercising any remedy provided by law, the EEOC shall give notice of the alleged violation to Dolgencorp. Dolgencorp shall have thirty days in which to investigate and respond to the allegation. Thereafter, the parties will have a period of thirty days, or such additional period as may be agreed upon by them, in which to negotiate and confer regarding such allegation, before the EEOC exercises any remedy provided by law.

11. The duration of this Judgment of Injunctive Relief shall be four years from the date of its entry.

a. The four-year period shall constitute the "compliance period." In the event Defendant seeks and obtains a stay of this Judgment of Injunctive Relief pending appeal, or pending other forms of challenge hereto, and if the Court later lifts the stay, then the compliance period shall be comprised of the four years following the date on which the Court lifts the stay.

b. The EEOC shall have six (6) months from the end of the compliance period within which to seek relief from the Court for any alleged failure by Defendant to comply with the terms of this Judgment of Injunctive Relief. The four-year period shall constitute the "enforcement period."

c. In the event the EEOC proves that Defendant has failed to comply with any provision of this Judgment of Injunctive Relief, Defendant shall pay the Commission for all reasonable costs incurred in the proof of such violation(s). The Court may also order such other relief as it deems appropriate in the circumstances.

12. The Court will retain jurisdiction of this cause throughout the duration of this Permanent Injunction for purposes of monitoring compliance with this Decree and entry of such further orders as the Court may find necessary or appropriate.

IT IS SO ORDERED on this _____day of _____2016.

_____
CHIEF UNITED STATES DISTRICT JUDGE
THOMAS A. VARLAN

Attachment

# NOTICE TO ALL EMPLOYEES OF DOLGENCORP'S
# NON-DISCRIMINATION POLICY

1. Dolgencorp is posting this Notice to all Dolgencorp employees and assigned personnel in Region 82 and the Goodlettsville, Tennessee headquarters as part of the relief granted in the case of *Equal Employment Opportunity Commission & Linda Atkins v. Dolgencorp, LLC. d/b/a Dollar General Corp.* (Civil Action Number 3:14-cv-441; U.S. District Court for the Eastern District of Tennessee, Knoxville Division). In this case, a jury found that Dolgencorp discriminated against Ms. Atkins because of her disability by failing to provide her with a reasonable accommodation, in violation of the Americans with Disabilities Act (ADA). The jury also found that Dolgencorp discriminated against Ms. Atkins by terminating her because of her disability, also in violation of the ADA.

2. Federal law bars an employer from discriminating against an employee because of his/her disability. This includes failing to provide a reasonable accommodation to a qualified individual with a disability or terminating an employee because of his/her disability.

3. Dolgencorp shall comply with the ADA. Dolgencorp maintains an Anti-Discrimination Policy and shall provide to its employees with a work environment free from unlawful discrimination. Dolgencorp prohibits any conduct that violates the ADA and/or its Anti-Discrimination Policy. This includes failing to provide a reasonable accommodation to a qualified individual with a disability or terminating an employee because of his/her disability. Violation of the ADA or this company policy by anyone employed by Dolgencorp will result in disciplinary action up to and including termination.

4. This notice must remain posted for four years from the date below and must not be altered, defaced, or covered by any other materials.

5. If you believe Dolgencorp has discriminated against you, you have the right to seek assistance from:

    Equal Employment Opportunity Commission
    Nashville Area Office
    220 Athens Way, Suite 350
    Nashville, Tennessee 37228
    Telephone: (615) 736-5820
    Website: www.eeoc.gov


SIGNED this ____ day of _____, 2016.

_____
Name, Title