UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

EQUAL EMPLOYMENT ) 
OPPORTUNITY COMMISSION, ) 
 ) 
Plaintiff, ) 
 ) 
and ) 
 ) 
LINDA K. ATKINS, ) 
 ) 
Intervening Plaintiff, ) 
 ) 
v. )    No.:   3:14-CV-441-TAV-HBG
 ) 
DOLGENCORP, LLC, ) 
 ) 
Defendant. ) 

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on the following motions: (1) defendant's Motion to Hold Plaintiffs' Motion for Permanent Injunction, Motion for Attorneys Fees and Bill of Costs in Abeyance [Doc. 175]; (2) defendant's Motion to Stay Execution of Judgment Pending Disposition of Motion to Amend Judgment and Motion for Judgment as a Matter of Law or, Alternatively, for New Trial [Doc. 177]; and (3) intervening plaintiff Linda Atkins's Motion to Compel Defendant to Respond to Plaintiffs' Post-Trial Motions [Doc. 189].[1] The parties filed several responses and replies in support of, and in opposition to, the motions before the Court [Docs. 183–87, 190–91]. For the reasons

---

[1] The Court will address the additional pending motions [Docs. 159, 161, 163] at a later date.

discussed herein, the Court will: (1) grant in part and deny in part defendant's Motion to Hold Plaintiffs' Motion for Permanent Injunction, Motion for Attorneys Fees and Bill of Costs in Abeyance [Doc. 175]; (2) grant defendant's Motion to Stay Execution of Judgment Pending Disposition of Motion to Amend Judgment and Motion for Judgment as a Matter of Law or, Alternatively, for New Trial [Doc. 177]; and (3) grant Atkins's Motion to Compel Defendant to Respond to Plaintiffs' Post-Trial Motions [Doc. 189].

## I.      Background

This matter was tried before a jury during the week of September 12–16, 2016 [Docs. 151–56].  The jury returned a verdict in favor of plaintiffs, awarding Atkins a total of $277,565.44 [Doc. 148].  The Court entered judgment for that amount on September 23, 2016 [Doc. 149].

On October 21, 2016, defendant filed a Motion to Amend Judgment and Motion for Judgment as a Matter of Law or, Alternatively, for New Trial [Doc. 159].  On October 22, 2016, the Equal Employment Opportunity Commission ("EEOC") filed a Motion for Permanent Injunction [Doc. 161].  On October 23, 2016, Atkins filed a Motion for Award of Attorneys Fees and Costs [Doc. 163], and on October 25, 2016, the EEOC filed a separate Bill of Costs [Doc. 169].

Rather than filing responses to plaintiffs' post-trial motions, defendant filed motions to stay the execution of the judgment [Doc. 177] and to hold plaintiffs' post-trial motions in abeyance [Doc. 175] pending the disposition of defendant's post-trial motion [Doc. 159].  Atkins subsequently moved the Court to compel defendant to respond to the

EEOC's motion for injunctive relief [Doc. 161] and Atkins's motion for attorneys' fees and costs [Doc. 161]. The Court will first address defendant's motion to stay execution of the judgment, and will then turn to defendant's motion to hold plaintiffs' post-trial motions in abeyance and Atkins's motion to compel.

## II.     Motion to Stay Execution of the Judgment

Defendant moves the Court pursuant to Federal Rule of Civil Procedure 62(b) to enter an order staying the execution or enforcement of the judgment pending the Court's disposition of its post-trial motion. The EEOC responded to the motion to stay execution, indicating that it does not oppose defendant's requested relief, provided that the judgment is secured. Atkins did not file a response in opposition to motion to stay execution of the judgment, and her time in which to do so has expired. *See* E.D. Tenn. L.R. 7.1.

Defendant filed a reply brief and attached a supersedeas bond for $748,225.83, which fully secures the judgment, Atkins's pending fee petition, and the EEOC's bill of costs [Doc. 186-1]. As defendant has provided proof of security, it does not appear that plaintiffs have any objection to defendant's request to stay execution of the judgment pending the Court's disposition of defendant's post-trial motion. Accordingly, the Court will grant defendant's motion to stay.

## III.    Motion to Hold in Abeyance and Motion to Compel

Defendant also moves the Court to hold plaintiffs' motion for an injunction, motion for attorneys' fees and costs, and bill of costs in abeyance pending the Court's disposition of defendant's post-trial motion. Plaintiffs responded in opposition

defendant's motion. The EEOC provided in its response, however, that it has no objection to holding its bill of costs in abeyance [Doc. 183 pp. 1–2]. In addition, Atkins moves the Court to issue an order compelling defendant to respond to the motion for an injunction and the fee petition [Doc. 189].

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998). However, courts "must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envt'l Council v. U.S. Dist. Court*, 565 F.2d 393, 396 (6th Cir. 1977). In determining whether to stay proceedings, the Court should exercise its judgment and it "must weigh competing interests and maintain an even balance." *Air Line Pilots Ass'n*, 523 U.S. at 879 n.6. The party seeking the stay has the burden of "show[ing] that there is pressing need for delay." *Ohio Envt'l Council*, 565 F.2d at 396.

Defendant asserts that the Court should only consider plaintiffs' post-trial motions after the Court, and potentially the Sixth Circuit, rules on defendant's post-trial motion. In support of this request, defendant points out that if it succeeds on its post-trial motion, plaintiffs' post-trial motions would be moot. Consequently, defendant asserts that litigating plaintiffs' post-trial motions before a determination on defendant's post-trial motion would be an "unnecessary and wasteful use of party and judicial resources" [Doc. 190 p. 2].

4

In opposition to defendant's request, plaintiffs assert that defendant's proposed timeline deprives the Court of the opportunity to consider all post-trial motions simultaneously. As such, if a party seeks to appeal the Court's determination on fees or the injunction, those issues would have to be appealed separately from defendant's post-trial motion appeal. This resulting unconsolidated appeal, plaintiffs argue, does not weigh in favor of efficiency and judicial economy, as it would prolong litigation.

In support of its motion, defendant cites numerous examples of cases where courts have held applications for attorneys' fees in abeyance pending appeal [Doc. 176 pp. 3–4 (citing *Sherwood v. Tenn. Valley Auth.*, No. 3:12–CV–156, 2015 WL 6511468 (E.D. Tenn. Oct. 28, 2015); *Kucera v. Jefferson Co. Bd. of Sch. Comm'rs*, No. 3:03–CV–593, 2013 WL 5701674 (E.D. Tenn. Oct. 18, 2013); *Siddle v. Crants*, No. 3:09-0175, 2010 WL 3491195 (M.D. Tenn. Sept. 2, 2010))]. In opposition, however, plaintiffs cite cases where the Sixth Circuit considered appeals from judgments on the merits simultaneously with cross-appeals regarding motions for attorney fees [Doc. 185 pp. 4–5 (citing *Braun v. Ultimate Jetcharters, LLC*, 828 F.3d 501 (6th Cir 2016); *Perry v. AutoZone Stores, Inc.*, 608 F. App'x 388 (6th Cir. 2015); *Dillery v. City of Sandusky*, 398 F.3d 562 (6th Cir. 2005); *Walker v. Bain*, 257 F.3d 660 (6th Cir. 2001); *Maurer v. Joy Techs., Inc.*, 212 F.3d 907 (6th Cir. 2000); *Brocklehurst v. PPG Indus.*, 123 F.3d 890 (6th Cir. 1997); *Advance Watch Co. v. Kemper Nat'l Ins. Co.*, 99 F.3d 795 (6th Cir. 1996))]. As such, it appears that there is legal authority supporting both defendant and plaintiffs' positions.

Whether the Court accepts defendant's proposed timeline, or plaintiffs' proposed timeline, there is a potential for wasted resources and a lack of judicial economy. As either option could result in these negative consequences, the Court finds that defendant has not met its burden of "show[ing] that there is pressing need for delay." *Ohio Envt'l Council*, 565 F.2d at 396. Exercising its discretion, and in light of the principle that courts "must tread carefully in granting a stay of proceedings," the Court will deny defendant's motion to the extent that it will not hold Atkins's motion for attorneys' fees and costs and the EEOC's motion for injunctive relief in abeyance. *Id.* As the EEOC does not object to the Court holding its bill of costs in abeyance, however, the Court will grant defendant's request to hold the EEOC's bill of costs in abeyance.

In Atkins's motion to compel, she requests that the Court give defendant no more than fourteen days to respond to the motion for attorneys' fees and costs and the motion for injunctive relief. While the Court will compel defendant to respond to these motions, the Court will provide defendant with twenty-one days to do so.

## IV.    Conclusion

For the reasons discussed herein, the Court hereby **GRANTS** defendant's Motion to Stay Execution of Judgment Pending Disposition of Motion to Amend Judgment and Motion for Judgment as a Matter of Law or, Alternatively, for New Trial [Doc. 177]. In addition, the Court **GRANTS in part and DENIES in part** defendant's Motion to Hold Plaintiffs' Motion for Permanent Injunction, Motion for Attorneys Fees and Bill of Costs in Abeyance [Doc. 175] in that the Court will hold only the EEOC's Bill of Costs [Doc.

6

169] in abeyance. Finally, the Court **GRANTS** Linda Atkins's Motion to Compel Defendant to Respond to Plaintiffs' Post-Trial Motions [Doc. 189] to the extent that defendant is **ORDERED** to file a response to the EEOC's Motion for Permanent Injunction. [Doc. 161] and Atkins's Motion for Award of Attorneys Fees and Costs [Doc. 163] within **<u>twenty-one (21) days</u>** of the entry of this order.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE